IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRONTIER COMMUNICATIONS CORPORATION, ) ) ) | |
| Plaintiff, ) ) | C.A. No. _____ |
| v. ) ) | |
| GOOGLE INC., ) ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff Frontier Communications Corporation, by and through the undersigned counsel, alleges:

### PARTIES

1. Plaintiff Frontier Communications Corporation ("Frontier") is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters located at 3 High Ridge Park, Stamford, Connecticut 06905.

2. Upon information and belief, Defendant Google Inc. ("Google") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### JURISDICTION AND VENUE

3. This is an action for patent infringement of U.S. Patent No. 7,742,468 ("the '468 Patent"), arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b), as Google is incorporated in the State of Delaware, has a registered agent for service of process in Delaware, and has committed wrongful and

tortious acts within the State of Delaware and this District. Google has minimum contacts with this forum as a result of business regularly conducted or solicited within this District and/or specifically as a result of, at least, defendant's placing products and services in the stream of commerce, which stream is directed at this District, and/or making available products and services in this District, and by committing and/or causing within this District alleged patent infringement.

5. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

### FACTUAL BACKGROUND

6. Plaintiff Frontier is one of the nation's largest rural local exchange carriers, offering among other services local and long-distance telephone service, Internet access, wireless Internet access, digital phone, and DISH satellite TV.

7. On June 22, 2010, the United States Patent and Trademark Office duly and legally issued the '468 Patent to Frontier for an invention entitled "Systems and Methods for Providing Enhanced Telephone Services."

8. Frontier is the sole holder of the entire right, title and interest of the '468 Patent. Frontier holds the right to recover damages for past, present and future infringement of the '468 Patent and the right to seek injunctive relief against individuals and entities that infringe the '468 Patent.

9. The '468 Patent claims inventions related to a method for providing enhanced telephone services via a computerized telephone services device. According to certain embodiments of the invention, a subscriber to telephone services or a group of subscribers may be reached on multiple telephone lines from a single dial-in number; calls in progress may be transferred seamlessly from one line associated with a subscriber to another; and callers are

permitted to connect to a telephone conference without requiring authentication of the calling party.

10. On information and belief, Google develops, manufactures, sells and supports products and services directed to enhanced telephone services. These products and services include the Google Voice system/service.

### COUNT I
#### INFRINGEMENT OF THE '468 PATENT

11. Frontier repeats, realleges, and incorporates the allegations of paragraphs 1 through 10, as if set forth fully herein.

12. On information and belief, Google has infringed and continues to infringe, has induced and continues to induce others to infringe, and/or has committed and continues to commit acts of contributory infringement of one or more claims of the '468 patent.

13. Google's infringing activities include the manufacture, use, sale and/or offer for sale of infringing products and/or services, including its Google Voice product, within the United States and this District.

14. Upon information and belief, Google's continued manufacture, use, sale and/or offer for sale of infringing products and/or services will constitute willful infringement.

15. Frontier is entitled to recover from Google the damages suffered by Frontier and as a result of Google's infringement.

16. Google's deliberate infringement of the '468 Patent has greatly and irreparably damaged Frontier, and Google will continue to damage Frontier irreparably unless enjoined by this Court. In the absence of injunctive relief, Frontier will have no adequate remedy at law. Therefore, Frontier is entitled to equitable relief in the form of a preliminary injunction and a permanent injunction against further violation of Frontier's rights.

## REQUEST FOR RELIEF

Frontier respectfully requests the following relief:

a. Judgment in favor of Frontier and against Google;

b. Preliminary and permanent injunctive relief enjoining Google, its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of patent infringement of the '468 Patent;

c. Awarding Frontier all relief available under the patent laws of the United States, including but not limited to monetary damages, including prejudgment interest;

d. Awarding Frontier its costs and reasonable attorneys' fees in respect thereto in accordance with 35 U.S.C. §§ 284-85; and

e. Granting Frontier such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Frontier demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Mary B. Graham

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for Frontier*
  *Communications Corporation*

OF COUNSEL:

Samuel J. Najim
Mark V. Campagna
Olivia E. Marbutt
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3053
(404) 521-3939

June 22, 2010
3624146