**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FRONTIER COMMUNICATIONS CORPORATION, | ) ) | |
| Plaintiff / Counterclaim Defendant, | ) ) ) | |
| | ) | C. A. No. 10-545-GMS |
| v. | ) | |
| GOOGLE INC., | ) ) | |
| Defendant / Counterclaim Plaintiff. | ) ) ) | |

**GOOGLE INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO STAY THIS LITIGATION
<u>PENDING REEXAMINATION OF THE PATENT-IN-SUIT</u>**

Douglas D. Salyers
Jeffrey C. Morgan
Trenton A. Ward
TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Tel.: (404) 885-3000
douglas.salyers@troutmansanders.com
jeffrey.morgan@troutmansanders.com
trenton.ward@troutmansanders.com

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, Delaware  19801
Tel.: (302) 651-7700
cottrell@rlf.com
gaza@rlf.com

Attorneys for Defendant /
Counterclaim Plaintiff
*GOOGLE INC.*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

NATURE AND STAGE OF PROCEEDINGS ................................................. 4

SUMMARY OF ARGUMENT ......................................................................... 5

ARGUMENT ..................................................................................................... 6

    A.    The Relevant Factors All Weigh In Favor Of Staying This Case ............. 6

    B.    A Stay Will Simplify Issues, Avoid Inconsistent Rulings, And Conserve The Resources Of The Court And Parties ................................ 7

        1.    A Stay Will Conserve Judicial Resources ..................................... 8

        2.    Reexamination Will Simplify The Issues In This Case ................. 9

        3.    An Immediate Stay Pending Reexamination Is Appropriate Here ............................................................................................... 11

    C.    Courts Frequently Grant Stays At This Early Stage In The Proceedings ............................................................................................. 13

    D.    A Stay Will Neither Prejudice Nor Tactically Disadvantage Frontier ................................................................................................... 15

CONCLUSION ............................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
    No. 05-590-GMS, 2006 U.S. Dist. LEXIS 57469 (D. Del. Aug. 16, 2006)
    ("*DexCom I*")........................................................................................7, 13, 14, 16

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*,
    No. 06-514-GMS, 2007 U.S. Dist. LEXIS 73198 (D. Del. Sept. 30, 2007)
    ("*DexCom II*").........................................................................................7, 8

*ASCII Corp. v. STD Entm't USA, Inc.*,
    844 F. Supp. 1378 (N.D. Cal. 1994) .........................................................9, 11, 13

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*,
    No. 06-187-GMS, 2009 U.S. Dist. LEXIS 85156 (D. Del. Sept. 16, 2009)..................8, 13, 14

*Bausch & Lomb, Inc. v. Alcon Labs., Inc.*,
    914 F. Supp. 951 (W.D.N.Y. 1996) .........................................................8, 13, 14

*Bloom Eng'g Co. v. N. Am. Mfg. Co.*,
    129 F.3d 1247 (Fed. Cir. 1997)................................................................11

*Canady v. Erbe Elektromedizin GmbH*,
    271 F. Supp. 2d 64 (D. D.C. 2002) ..........................................................8, 9

*Cost Bros., Inc. v. Travelers Indem. Co.*,
    760 F.2d 58 (3d Cir. 1985)......................................................................6

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006)..............................................................................15

*Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*,
    No. 85 C 7565, 1987 U.S. Dist. LEXIS 15033 (N.D. Ill. Jan 30, 1987)..................14

*Essex Group, Inc. v. Southwire Co.*,
    No. C-85-1923-A, 1986 U.S. Dist. LEXIS 29761 (N.D. Ga. Jan. 31, 1986)......................7, 12

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988)...............................................................6, 9

*Gioello Enters. Ltd. v. Mattel, Inc.*,
    No. C.A. 99-375-GMS, 2001 U.S. Dist. LEXIS 26158 (D. Del. Jan. 29, 2001).............7, 9, 16

*Gould v. Control Laser Corp.*,
    705 F.2d 1340 (Fed. Cir. 1983)...............................................................................8, 11, 13

*Hewlett-Packard Co. v. Acuson Corp.*,
    No. C-93-0808 MHP, 1993 U.S. Dist. LEXIS 6449 (N.D. Cal. May 6, 1993) ........................9

*IMX, Inc. v. Lendingtree, LLC*,
    469 F. Supp. 2d 203 (D. Del. 2007).....................................................................................15

*In re Translogic Technology, Inc.*,
    504 F.3d 1249 (Fed. Cir. 2007)...........................................................................................10

*InTest Corp. v. Reid-Ashman Mfg., Inc.*,
    66 F. Supp. 2d 576 (D. Del. 1999).......................................................................................11

*Leland Bros. Co. v. Mid-Western Energy Corp.*,
    225 U.S.P.Q. 886 (W.D. Okla. 1985) ..................................................................................14

*Lentek Int'l, Inc. v. Sharper Image Corp.*,
    169 F. Supp. 2d 1360 (M.D. Fla. 2001) ...............................................................................13

*Magna Donnelly Corp. v. Pilkington North America, Inc.*,
    No. 06-cv-126, 2007 U.S. Dist. LEXIS 17536 (W.D. Mich. Mar. 12, 2007).....................6, 12

*Middleton, Inc. v. Minn. Mining and Mfg. Co.*,
    No. 4:03-cv-40493, 2004 U.S. Dist. LEXIS 16812 (S. D. Iowa Aug. 24, 2004) ...................13

*Patlex Corp. v. Mossinghoff*,
    758 F.2d 594 (Fed. Cir. 1985)..........................................................................................6, 15

*Pegasus Dev. Corp. v. DirecTV, Inc.*,
    No. 00-1020-GMS, 2003 U.S. Dist. LEXIS 8052 (D. Del. May 14, 2003)............6, 11, 12, 13

*Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298 (Fed. Cir.
    2008) ................................................................................................................................11

*Research in Motion Ltd. v. Visto Corp.*,
    545 F. Supp. 2d 1011 (N.D. Cal. 2008) ..........................................................................13, 15

*Robert H. Harris Co. v. Metal Mfg. Co.*,
    No. J-C-90-179, 1991 U.S. Dist. LEXIS 16086 (E.D. Ark. June 20, 1991).................6, 12, 14

*Selex Communs., Inc. v. Google Inc.*,
    No. 1:09-cv-02927-TWT, 2010 U.S. Dist. LEXIS 118433 (N.D. Ga. Feb. 9,
    2010) ..............................................................................................................................6, 12

*Sulzer Inc. v. Black Clawson Co.*,
    No. 93 Civ. 8721, 1995 U.S. Dist. LEXIS 8328 (S.D.N.Y. June 14, 1995)...........................15

*Tap Pharma. Prods., Inc. v. Atrix Labs, Inc.*,
    No. 03-C-7822, 2004 U.S. Dist. LEXIS 3684 (N.D. Ill. Mar. 5, 2004)....................................13

*Textron Innovations, Inc. v. The Toro Co.*,
    C.A. 05-486-GMS, 2007 U.S. Dist. LEXIS  100102(D. Del. Apr. 25, 2007)...............6, 12, 13

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
    250 Fed. Appx. 988 (Fed. Cir. 2007)...................................................................................10

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
    766 F. Supp. 212 (D. Del. 1991).............................................................................................7

*Wall Corp. v. BondDesk Group LLC*,
    No. 07-844-GMS, 2009 U.S. Dist. LEXIS 20619 (D. Del. Feb. 24, 2009)........................6, 15

*Werre v. Battenfeld Techs., Inc.*,
    No. 03-1471-AA, 2004 U.S. Dist. LEXIS 23250 (D. Or. Nov. 9, 2004) ...............................13

### STATUTES

35 U.S.C. § 252..................................................................................................................................10

35 U.S.C. § 301 *et seq*.....................................................................................................................11

35 U.S.C. § 307(b)..............................................................................................................................10

**INTRODUCTION**

This is an action for alleged infringement of U.S. Patent No. 7,742,468 ("the '468 Patent" or the "patent-in-suit").  As demonstrated by the attached *Ex Parte* Request for Reexamination filed with the United States Patent and Trademark Office ("USPTO") on November 12, 2010 by Google Inc. ("Google"), significant and invalidating prior art to the '468 Patent was never considered by the USPTO.  (*See* Google's *Ex Parte* Request for Reexamination (without exhibits), attached hereto as Exhibit 1.)   This action should be stayed pending the outcome of Google's reexamination request, and any appeals therefrom

The '468 Patent issued under special circumstances.  Under a relatively new program instituted by the USPTO known as "Accelerated Examination," Plaintiff Frontier Communications Corporation ("Frontier") requested—and received—special and accelerated treatment of the patent application that became the '468 Patent.  As part of the Accelerated Examination program, Frontier undertook a duty to search for and faithfully report to the USPTO the state of the prior art.  That duty to search and report (which does not exist in typical patent prosecutions) was ***in addition*** to Frontier's duty of candor, which is owed to the USPTO by all patent applicants.  As a result, the USPTO relied on Frontier's representations regarding the state of the prior art and granted Frontier a patent in only nine months—years faster than a typical examination.  But during this Accelerated Examination, the USPTO was not made aware of certain material prior art which should have precluded lawful issuance of the '468 Patent, and which invalidate the claims of the '468 Patent.

Google's reexamination request provides the USPTO with the opportunity to examine the alleged invention of the '468 Patent in view of relevant (and invalidating) prior art that should

have been fully considered by the USPTO in the first instance.  For example, Google's reexamination request identifies a prior art patent publication that had been used to reject all the claims in the parent application of the '468 Patent—but which was never reviewed by the Examiner for the '468 Patent.   Although Frontier knew about that prior art patent publication and its clear significance and materiality, Frontier failed to disclose it to the '468 Patent Examiner until *after* the close of business the day before the '468 Patent was scheduled to issue—thereby assuring that the Examiner of the '468 Patent would not see it.

Additionally, in its Accelerated Examination Support Document, Frontier conceded that the prior art taught virtually all of its alleged invention except for a single, minor feature related to conference calls.  Google's reexamination request provides the USPTO, for the first time, a prior art reference that discloses this allegedly missing feature.

Furthermore, Google's reexamination request also gives the USPTO an opportunity to rectify a clear error it made regarding Frontier's admissions about the state of the prior art.  In the Notice of Allowability, the Examiner for the '468 Patent erroneously stated—and relied on the incorrect proposition—that the prior art did not teach two elements which Frontier had specifically ***admitted*** in its Accelerated Examination Support Document were present in the prior art.  The USPTO should be given an opportunity in the reexamination to correct this clear error.

The present motion and its timing have been discussed with Frontier.  Google has requested Frontier to voluntarily agree to a stay, but Frontier has declined Google's request, giving rise to this motion.

This case is at a very early stage—indeed, there has not yet been a Scheduling Conference and, as of the filing of this motion, no date has been set for such a conference.  In

light of Google's timely-filed reexamination request, this Court should immediately stay this action in its entirety pending completion of the reexamination of the patent-in-suit and any appeals therefrom.  An immediate stay would conserve the valuable resources of the Court and the parties by allowing the USPTO to determine, in the first instance, whether the '468 Patent should have been granted.

USPTO statistics show that requests for *Ex Parte* reexamination are granted 92% of the time.  (*See* USPTO, *Ex Parte* Reexamination Filing Data – September 30, 2010, attached as Exhibit 2, at 1).  Further, USPTO statistics show that 75% of third-party initiated *Ex Parte* reexaminations (such as Google's) result in patent claims either being cancelled or amended.  (*Id.* at 2).  Thus, staying this litigation will in all likelihood eliminate (or at least narrow) the issues for claim construction, discovery, and trial.  For example, because the claims of the '468 Patent have a significant likelihood of being cancelled or amended, it would waste valuable judicial resources for the Court to engage in claim construction of the current claims of the '468 Patent.

Given the high likelihood that the USPTO will grant Google's reexamination request and alter the claims, and given the strong public policies that favor staying complex patent litigations, Google respectfully requests that the Court immediately stay this litigation in its entirety pending completion of the reexamination of the patent-in-suit and any appeals therefrom.

## NATURE AND STAGE OF PROCEEDINGS

Frontier brought this action on June 22, 2010—the day the '468 Patent issued. (D.I. 1). In its Complaint, Frontier alleges that a Google service called "Google Voice" infringes one or more claims of the '468 Patent.[1]

On August 27, 2010, Google answered Frontier's Complaint and counterclaimed for declaratory relief that Google does not infringe the '468 Patent, that the '468 Patent is invalid, and that the '468 Patent is unenforceable due to Frontier's inequitable conduct during prosecution of the '468 Patent. (D.I. 9). The pleadings make clear that all of the parties' claims and defenses are directed to whether the '468 Patent is valid, enforceable, and/or infringed.

On November 12, 2010, Google filed with the USPTO its *Ex Parte* Request for Reexamination of the '468 Patent. Google's reexamination request, attached hereto as Exhibit 1, presents the USPTO with multiple and substantial new questions of patentability that call into serious question whether the '468 Patent should have ever issued. As shown in Google's reexamination request, there is strong evidence that each and every claim of the '468 Patent is invalid.

This lawsuit has not yet progressed beyond the pleading stage. The Court has not yet issued its Notice of Scheduling Conference. The parties have not yet had their Rule 26(f) conference. No initial disclosures have been exchanged. No documents have been exchanged. No depositions have occurred. And no trial date has been set.

---

[1]  Google denies that it infringes any valid and enforceable claim of the '468 Patent, and Frontier has not yet identified which of the '468 Patent's claims Google Voice allegedly infringes.

## SUMMARY OF ARGUMENT

Pursuant to the applicable case law, the Court should stay this litigation pending the outcome of reexamination proceedings in the USPTO for at least the following three reasons:

1. It is highly likely that the USPTO will find invalid or substantially alter the claims of the patent-in-suit, thereby materially changing the legal issues in this case, if not eliminating them altogether;

2. Because this motion comes at such an early stage—before discovery has begun, before the identification of asserted claims, before service of infringement and invalidity contentions, and before claim construction—maximum conservation of resources of both the Court and the parties will be realized by a stay; and

3. Frontier will not be prejudiced or tactically disadvantaged by a stay. This is especially true here because Frontier is not entitled to (and has not moved for) any preliminary relief. Monetary damages, if warranted at some point in the future, would adequately compensate Frontier, which does not appear to currently make or sell any products or services that practice the patent-in-suit.

Neither the Court nor the parties should expend additional resources in proceeding with this litigation in parallel with the reexamination where it is very likely that none of the asserted patent claims will survive the reexamination process. Because the reexamination proceedings before the USPTO may moot or resolve all the issues raised in the pleadings, the law strongly weighs in favor of staying this district court action pending conclusion of the USPTO's review of the '468 Patent. Accordingly, the Court should stay this litigation pending completion of the USPTO's reexamination of the patent-in-suit and all appeals therefrom.

**ARGUMENT**

**A.      The Relevant Factors All Weigh In Favor Of Staying This Case.**

A district court's inherent power to control and manage its docket includes the discretion to stay proceedings.  *See Wall Corp. v. BondDesk Group LLC*, No. 07-844-GMS, 2009 U.S. Dist. LEXIS 20619, at *2 (D. Del. Feb. 24, 2009) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)); *Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-1020-GMS, 2003 U.S. Dist. LEXIS 8052, at *3 (D. Del. May 14, 2003).  It is well-established that the USPTO's reexamination of patents subject to litigation is grounds for a stay.  *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings . . . including the authority to order a stay pending conclusion of a PTO reexamination."); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) ("The stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation."), *rev'd on other grounds*, 771 F.2d 480 (Fed. Cir. 1985).

Indeed, a stay order can be issued even before the USPTO has granted the request for reexamination.  *See, e.g., Textron Innovations, Inc. v. Toro Co.*, C.A. 05-486-GMS, 2007 U.S. Dist. LEXIS 10012, at *9 (D. Del. Apr. 25, 2007) (stay issued two months before USPTO granted reexamination request on first of three reexamined patents); *Selex Communs., Inc. v. Google Inc.*, No. 1:09-cv-02927-TWT, 2010 U.S. Dist. LEXIS 118433 at *2 (N.D. Ga. Feb. 9, 2010) (stay issued one month before USPTO granted reexamination request); *Magna Donnelly Corp. v. Pilkington North America, Inc.*, No. 06-cv-126, 2007 U.S. Dist. LEXIS 17536, at *2 (W.D. Mich. Mar. 12, 2007) (stay issued before USPTO granted reexamination request); *Robert H. Harris Co. v. Metal Mfg. Co.*, No. J-C-90-179, 1991 U.S. Dist. LEXIS 16086, at *9-10 (E.D.

Ark. June 20, 1991) (same); *Essex Group, Inc. v. Southwire Co.*, No. C-85-1923-A, 1986 U.S.

Dist. LEXIS 29761, at *2-3 (N.D. Ga. Jan. 31, 1986) (same). *See also Gioello Enters. Ltd. v.*

*Mattel, Inc.*, No. C.A. 99-375-GMS, 2001 U.S. Dist. LEXIS 26158, at *2 n.1 (D. Del. Jan. 29,

2001) (motion to stay filed before USPTO granted reexamination).

 When ruling on a motion for stay, courts generally consider the following factors: "(i)

whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving

party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii)

whether discovery is complete and whether a trial date has been set." *Abbott Diabetes Care, Inc.*

*v. DexCom, Inc.*, No. 06-514-GMS, 2007 U.S. Dist. LEXIS 73198, at *13 (D. Del. Sept. 30,

2007) ("*DexCom II*") (granting motion for stay); *United Sweetener USA, Inc. v. Nutrasweet Co.*,

766 F. Supp. 212, 217 (D. Del. 1991) (stating similar test). All three of these factors weigh

heavily in favor of a stay of the present case pending the outcome of the USPTO's administrative

review of the patent-in-suit.

**B. A Stay Will Simplify Issues, Avoid Inconsistent Rulings, And Conserve The Resources Of The Court And Parties.**

 Because reexamination proceedings before the USPTO may moot or resolve the issues

presented in this litigation, the law strongly supports entry of a stay pending conclusion of the

USPTO's review of the patent-in-suit. Indeed, a stay will help promote efficiency by preventing

the unnecessary use of the Court's resources and those of the parties in litigating patent claims

that are likely to change or be cancelled by the conclusion of the reexamination proceedings. *See*

*Abbott Diabetes Care, Inc. v. DexCom, Inc.*, No. 05-590-GMS, 2006 U.S. Dist. LEXIS 57469, at

*19-20 (D. Del. Aug. 16, 2006) ("*DexCom I*") (granting stay) ("[I]t is beyond dispute that the

court, as well as the parties, would benefit from a narrowing of the variety of complex issues

relating to the numerous claims at issue, which, if clearly defined, would streamline the discovery process and the remainder of the litigation. A stay, therefore, will conserve the resources of the parties and the court, thereby promoting efficiency."); *Bausch & Lomb, Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (granting stay pending reexamination to avoid wasting "the time, resources, and significant efforts of all those involved"). *Cf. Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, No. 06-187-GMS, 2009 U.S. Dist. LEXIS 85156, at *5-6 (D. Del. Sept. 16, 2009) (simplification of issues for trial and conservation of judicial resources justified denying motion to lift stay where reexamination proceedings were still underway for six of eight asserted patents subject to reexamination.).

## 1.     A Stay Will Conserve Judicial Resources.

"One purpose of the reexamination procedure is to eliminate trial of that issue (when the [patent] is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *DexCom II*, 2007 U.S. Dist. LEXIS 73198, at *15 (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935 (1983)). Congress specifically "instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D. D.C. 2002). Continued litigation in the face of a pending reexamination proceeding is fraught with the potential for wasting judicial resources given that, generally speaking, the USPTO cancels or amends the claims in 75% of third-party requester *ex parte* reexamination requests.  (*See* USPTO, *Ex Parte* Reexamination Filing Data – September 30, 2010, attached as Exhibit 2, at 2).   And the courts should "not expend unnecessary judicial resources by attempting to resolve claims which

may be amended, eliminated, or lucidly narrowed by the patent reexamination process and the expertise of its officers." *Hewlett-Packard Co. v. Acuson Corp.*, No. C-93-0808 MHP, 1993 U.S. Dist. LEXIS 6449, at *4 (N.D. Cal. May 6, 1993) (citation omitted); *see also Gioello*, 2001 U.S. Dist. LEXIS 26158, at *5 ("the court's issuance of a stay is the only way to avoid the potential for conflict" with USPTO determinations in reexamination).

For this reason, courts regularly stay cases pending the completion of reexamination proceedings "to wait for reexamination results that will simplify litigation by eliminating, clarifying, or limiting the claims." *Canady*, 271 F. Supp. 2d at 68 (citing *Ethicon*, 849 F.2d at 1428); *see also ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) ("there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings.").

### 2. Reexamination Will Simplify The Issues In This Case.

There are three possible outcomes of a reexamination: cancellation, amendment or confirmation of the reexamined claims. The '468 Patent has only one single independent claim, and ten dependent claims. Google seeks reexamination of all of the '468 Patent's claims, and has identified uncited and invalidating prior art references for all the claims, including prior art patents and publications that disclose the only allegedly missing feature identified by Frontier, as well as references that disclose the two allegedly missing elements that the Examiner relied upon in allowing the '468 Patent to issue.

If the USPTO cancels all the claims for which reexamination is sought, which is very likely, Frontier will have no claims against Google in this action. If that occurs and this Court

has not stayed this case, then all of the time and cost expended by the Court and the parties in the future would have been wasted.[2]

Moreover, if Frontier amends the claims—or even amends just the single independent claim—during reexamination, then the issues and scope of discovery will undoubtedly change. Indeed, changes to any of the claims will affect both the claim construction process and outcome. And regardless, the reexamination process will create additional intrinsic evidence—in the form of new prosecution history—that the Court should consider in construing the claims. If a stay is not entered and discovery and claim construction proceeds in this litigation, subsequent changes to the claims as a result of the reexamination process would necessitate that the Court revisit claim construction. Absent a stay, the benefits of this Court's practice of resolving claim construction at an early stage will be lost, and there would be the risk of inconsistent claim construction rulings.

Furthermore, the nature of Frontier's alleged damages (if any) would be significantly impacted by reexamination activities. If the claims that emerge from reexamination are not "substantially identical" to the claims found in the original patents then Frontier is only entitled

---

[2]  The Federal Circuit's decision of *In re Translogic Technology, Inc*., 504 F.3d 1249 (Fed. Cir. 2007) vividly illustrates the drastic inefficiencies and wasted efforts that can result from allowing parallel district court litigation and USPTO proceedings. In that case, district court litigation and USPTO reexamination had proceeded in parallel. The litigation resulted in a grant of summary judgment of infringement with respect to certain accused products, and a jury verdict of infringement and $86.5 million in damages. *Id*. at 1251. Meanwhile, the USPTO had concluded that the asserted patent was obvious (and thus invalid) in view of the prior art. *Id*. Both proceedings were appealed to the Federal Circuit, which consolidated the appeals and affirmed the USPTO's obviousness determination. *Id*. at 1251, 1262. The Federal Circuit then ordered the district court to vacate and dismiss the patent infringement judgment based on the affirmed USPTO reexamination findings, but only after the parties and the court had already expended immense time and resources in litigation. *Translogic Tech., Inc. v. Hitachi, Ltd*., 250 Fed. Appx. 988 (Fed. Cir. 2007). Staying this case will avoid such a costly and inefficient outcome.

to recover damages for infringement that post-dates the issuance of the reexamination certificate. 35 U.S.C. § 252; 35 U.S.C. § 307(b) (stating that § 252 also applies to reexamined patents); *Bloom Eng'g Co. v. N. Am. Mfg. Co*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) (affirming district court ruling precluding plaintiff from seeking damages prior to the issuance of the reexamination certificate where the claims were not identical);[3] *InTest Corp. v. Reid-Ashman Mfg., Inc.*, 66 F. Supp. 2d 576, 588 (D. Del. 1999) (granting defendant's motion for summary judgment and allowing the defense of intervening rights where the claims after reexamination were not substantially identical). And any substantive claim amendments that Frontier makes may entitle Google to assert intervening rights. *InTest Corp.*, 66 F. Supp. 2d at 583.

### 3. An Immediate Stay Pending Reexamination Is Appropriate Here.

Immediate entry of a stay is consistent with the purposes of the reexamination statute. 35 U.S.C. § 301 *et seq*. As discussed above, the statute was designed, in part, to eliminate trials on patent claims that are cancelled or substantially narrowed. *See Gould*, 705 F.2d at 1342. Accordingly, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp.*, 844 F. Supp. at 1381. As this Court noted in *Pegasus*, a stay pending reexamination is beneficial not only because it provides courts with the USPTO's expertise in evaluating the prior art, it also streamlines the litigation process in the following ways:

---

[3] The statute was amended in 1999 to add the word "substantially" prior to the requirement that the claims be identical in order to bring the statute in line with Federal Circuit case law. Post-1999 Federal Circuit decisions citing § 252 have continued to apply the pre-1999 caselaw on this point. *See, e.g*., *Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, 1304-1305 (Fed. Cir. 2008).

> (1) many discovery problems relating to the prior art may be alleviated; (2) the record of the reexamination likely would be entered at trial, reducing the complexity and length of the litigation; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences following a reexamination; (4) the outcome of the reexamination process may encourage a settlement without further involvement of the court; and (5) if the patent is declared invalid, the suit likely will be dismissed as to that patent. These efficiencies will result in a reduced cost of litigation for the parties and more effective utilization of the limited resources of the court.

*Pegasus*, 2003 U.S. Dist. LEXIS 8052, at *5-6 (internal citations omitted).

The Court need not wait for the USPTO to actually grant Google's reexamination request before staying this litigation. As Google has informed the USPTO in its reexamination request, there is strong evidence that all the claims in the patent-in-suit are rendered obvious by the prior art. Based on the USPTO's own statistics, there is a 92% likelihood that the USPTO will order reexamination of the '468 Patent. (*See* USPTO, *Ex Parte* Reexamination Filing Data – September 30, 2010, attached as Exhibit 2, at 1). It is highly likely that all or some of the '468 Patent's 11 claims, each of which is subject to Google's reexamination request, will either be cancelled or amended. (*See id.*, at 2) (showing that claims in *ex parte* reexamination are amended or cancelled 75% of the time).

An immediate stay of litigation is therefore warranted. *See, e.g., Textron Innovations*, C.A. 05-486-GMS, 2007 U.S. Dist. LEXIS 100102, at *9 (stay issued two months before USPTO granted reexamination request on first of three reexamined patents); *Selex Communs.*, No. 1:09-cv-02927-TWT, 2010 U.S. Dist. LEXIS 118433, at *2 (stay issued one month before USPTO granted reexamination request); *Magna Donnelly Corp.* No. 06-cv-126, 2007 U.S. Dist. LEXIS 17536, at *2 (stay issued before USPTO granted reexamination request); *Robert H.*

*Harris Co.*, No. J-C-90-179, 1991 U.S. Dist. LEXIS 16086, at *9-10 (same); *Essex Group*, No. C-85-1923-A, 1986 U.S. Dist. LEXIS 29761, at *2-3 (same).

**C.      Courts Frequently Grant Stays At This Early Stage In The Proceedings.**

Courts routinely stay matters in favor of patent reexamination where, as here, the case is in its initial stages. *E.g., Research in Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008); *Tap Pharma. Prods., Inc. v. Atrix Labs, Inc.*, No. 03-C-7822, 2004 U.S. Dist. LEXIS 3684, at *4 (N.D. Ill. Mar. 5, 2004); *Bausch & Lomb*, 914 F. Supp. at 953; *ASCII Corp.*, 844 F. Supp. at 1381; *Werre v. Battenfeld Techs., Inc.*, No. 03-1471-AA, 2004 U.S. Dist. LEXIS 23250, at *3 (D. Or. Nov. 9, 2004).  Indeed, this Court has previously granted stays in cases that have progressed beyond the initial stages of litigation. *E.g., Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, No. 06-187-GMS, 2009 U.S. Dist. LEXIS 85156 (D. Del. Feb. 23, 2007) (refusing to lift stay granted on motion, [D.I. 65, 66], that had been filed after start of discovery but before any depositions taken); *Pegasus*, 2003 U.S. Dist. LEXIS 8052, at *2 (staying case over two years post-complaint but before close of discovery); *DexCom I*, 2006 U.S. Dist. LEXIS 57469, at *20 (staying case less than six months prior to close of fact discovery).

Indeed, the "patent reexamination legislation clearly favor[s] the liberal grant of stays by the district courts when patents are submitted for reexamination as a mechanism for settling disputes quickly and less expensively and for providing the district courts with the expertise of the patent office." *Lentek Intl, Inc. v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1362 (M.D. Fla. 2001) (multiple citations omitted).  Where a party acts early in patent litigation to seek

reexamination by the USPTO, as is the case here, the expertise and cost efficiencies for which the reexamination procedure was created can best be effectuated.[4]

The facts and procedural history of this case justify a stay because this case is in its infancy.  As of the filing of this motion, no initial disclosures have been exchanged, no documents have been produced, no depositions taken, and no claim construction briefs or substantive motions filed.  Indeed, a schedule has not yet been set for this litigation.  Staying the case early in the litigation process will maximize efficiency and promote judicial economy.  *See DexCom I,* 2006 U.S. Dist. LEXIS 57469, at *19-20.  For example, in *DexCom I*, this Court entered a stay where the close of fact discovery was many months in the future and commencement of trial, although scheduled, was even more remote.  Likewise, by granting a stay in this case now (where this case has not even progressed to the stage where the litigation was stayed in *DexCom I*), the Court will be able to streamline the discovery process and remainder of the litigation by not only conserving the resources of all involved, but also eliminating the potential need to revisit issues arising from the reexamination proceedings.

---

[4]   Furthermore, Courts have granted stays even where cases have progressed much further than the present case, and where much time and money have already been spent, in order to prevent further waste of resources. *See Textron Innovations*, C.A. 05-486-GMS, 2007 U.S. Dist. LEXIS 100102, at *9 (granting stay a few months before scheduled trial); *Gould*, 705 F.2d at 1341-42 (upholding a 1983 stay of litigation pending since 1979); *Middleton, Inc. v. Minn. Mining and Mfg. Co.*, No. 4:03-cv-40493, 2004 U.S. Dist. LEXIS 16812, at *4, 22 (S. D. Iowa Aug. 24, 2004) (granting a stay eight years into the litigation and two months before trial); *Bausch & Lomb*, 914 F. Supp. at 952-53 (granting stay despite the fact that discovery was complete and a trial date set); *Harris Co.*, 1991 U.S. Dist. LEXIS 16086, at *9 (stay granted where case set for trial the next month); *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, No. 85 C 7565, 1987 U.S. Dist. LEXIS 15033, at *1 (N.D. Ill. Jan. 30, 1987) (granting defendant's motion to stay patent infringement action even though all discovery completed); *Leland Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886 (W.D. Okla. 1985) (stay granted despite the fact that one trial date had already been extended).

**D.      A Stay Will Neither Prejudice Nor Tactically Disadvantage Frontier.**

Frontier will not suffer any material prejudice from a stay.   First, Frontier's Complaint does not allege that Frontier manufactures or sells products or services covered by the patent-in-suit.  Because it appears that Frontier "does not make or sell any product ... there is no issue of irreparable harm caused by continuation of a stay." *Auto. Techs.*, 2009 U.S. Dist. LEXIS 85156, at *7; *see eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-93 (2006); *IMX, Inc., v. Lendingtree, LLC*, 469 F. Supp. 2d 203, 225 n.24 (D. Del. 2007) ("Plaintiff's licensing activities also suggest that plaintiff's injury would be compensable in damages.").  Indeed, Frontier has not sought (and cannot seek) any preliminary injunctive relief.  Any monetary damages, if warranted at some point in the future, would make Frontier whole, and there is no viable rationale compelling adjudication of this action before the USPTO concludes its reexamination of the patent-in-suit; any such damages would not be affected by a stay.  *See Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 603 (Fed. Cir. 1985).

Second, in the unlikely scenario that the USPTO does not invalidate or alter the claims of the '468 Patent, Frontier's legal remedies would not be affected.  *See Sulzer Inc. v. Black Clawson Co.*, No. 93 Civ. 8721, 1995 U.S. Dist. LEXIS 8328, at *3 (S.D.N.Y. June 14, 1995) ("[T]he defendant will not be prejudiced by the stay and the stay will conserve the resources of the parties and promote the efficient resolution of this case.").  In fact, any narrowing of the issues due to reexamination would minimize the needless waste of resources, benefiting both Frontier and Google, as well as this Court.

Third, as this Court has recognized, the delay occasioned by the reexamination process does not by itself constitute undue prejudice preventing grant of a stay.  *Wall Corp.*, 2009 U.S.

Dist. LEXIS 20619, at *4-5 (citing *Research in Motion*, 545 F. Supp. 2d at 1012 (granting stay where delay was sole prejudice identified)).

On the other hand, permitting this action to go forward while reexamination is pending would be detrimental to all parties involved.  Allowing this case to proceed in conjunction with the USPTO proceedings would not only forgo the efficiencies noted above, but also would create a substantial risk of multiple, inconsistent rulings or this Court's issuing advisory opinions. *See DexCom I*, 2006 U.S. Dist. LEXIS 57469, at *19-20; *Gioello*, 2001 U.S. Dist. LEXIS 26158, at *3-4 ("Not staying the proceedings runs the risk of inconsistent adjudications or issuance of advisory opinions.").

Although the USPTO is required by law to conclude its administrative review, this Court has the discretion to stay this litigation.  Thus, only the Court can take steps to avoid the potential conflict between these two proceedings.  *Gioello*, 2001 U.S. Dist. LEXIS 26158, at *5 ("Since the PTO cannot stay the reexamination once a request has been granted, the court's issuance of a stay is the only way to avoid the potential for conflict.").

## CONCLUSION

It is highly likely that the claims of the '468 Patent will not survive reexamination.  At the very least, the scope and validity of the '468 Patent's claims will remain uncertain until the USPTO issues its final reexamination decision.  The applicable case law (including all the relevant factors), the efficient administration of justice, and the very purpose of the reexamination statute, all strongly support granting a stay of this litigation.  Accordingly, Google respectfully requests that the Court immediately stay this action pending final resolution of the

reexamination of the patent-in-suit and all appeals therefrom, rather than proceed with costly,

time-consuming and likely unnecessary litigation.

 _/s/ Anne Shea Gaza_
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, Delaware  19801
Tel.:  (302) 651-7700
cottrell@rlf.com
gaza@rlf.com

Douglas D. Salyers
Jeffrey C. Morgan
Trenton A. Ward
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Tel.:  (404) 885-3000
douglas.salyers@troutmansanders.com
jeffrey.morgan@troutmansanders.com
trenton.ward@troutmansanders.com

*Attorneys for Defendant GOOGLE INC.*

Dated: November 15, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2010, I caused to be served by electronic mail and hand delivery copies of the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P. O. Box 1347
Wilmington, DE  19899-1347
mgraham@mnat.com

I further certify that on November 15, 2010, I caused to be served by electronic mail copies of the foregoing document upon the following counsel of record:

Samuel J. Najim, Esquire
Mark V. Campagna, Esquire
Olivia E. Marbutt, Esquire
Jones Day
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA   30309-3053
snajim@jonesday.com
mcampagna@jonesday.com
oemarbutt@jonesday.com

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
gaza@rlf.com