IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRONTIER COMMUNICATIONS CORPORATION,<br><br>    Plaintiff /Counterclaim Defendant,<br><br>    v.<br><br>GOOGLE INC.,<br><br>    Defendant /Counterclaim Plaintiff. | )<br>)<br>)<br>)<br>)  C.A. No. 10-545 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Frontier Communications Corporation ("Frontier") and Google Inc. ("Google") submit the following Joint Status Report in accordance with Rule 16 of the Federal Rules of Civil Procedure and the Court's January 24, 2013 Order in preparation for the scheduling teleconference before this Court on February 7, 2013.  The parties have agreed to attempt to resolve this case through mediation with a Magistrate Judge before undertaking full discovery. The parties shall ask the assigned Magistrate Judge to schedule mediation no later than May 31, 2013.  The parties' proposed schedule takes into account this agreement.

    **1.**    **Jurisdiction and Service**

The parties do not dispute that this Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201, and personal jurisdiction over the parties.  Google does not dispute the validity of service of process.

    **2.**    **Substance of the Action**

        **a.**    **Plaintiff Frontier's Allegations**

Frontier brought this action against Google alleging infringement of U.S. Patent No. 7,742,468 ("the '468 patent").  The '468 patent relates to a method for providing enhanced

telephone services. Frontier has requested a jury trial in this action.

Frontier alleges that Google has made, used, imported, offered for sale and/or sold products and services, including Google's Google Voice system/service, so as to infringe at least one claim of the '468 patent.

### b. Defendant Google's Defenses and Counterclaims

Google has answered the complaint, asserted affirmative defenses and counterclaims, and has requested a jury trial in this action. Google's affirmative defenses include noninfringement, patent invalidity, estoppel, unavailability of injunctive relief, and inequitable conduct. Google asserts counterclaims of non-infringement, patent invalidity and patent unenforceability for inequitable conduct.

### 3. Identification of Issues

The issues in dispute are:

(1) whether Google has infringed, either literally or under the doctrine of equivalents, one or more claims of the '468 patent;

(2) if infringement is found, whether Google's infringement was willful;

(3) whether the '468 patent is invalid under any of 35 U.S.C. §§ 101, 102, 103, or 112;

(4) whether the '468 patent is unenforceable due to inequitable conduct;

(5) whether Frontier's claims are barred in whole or in part by the doctrines of waiver or estoppel;

(6) the amount of any damages to which Frontier is entitled in the event that Google is found to infringe any claim of the '468 patent;

(7) whether injunctive relief is appropriate; and

(8) whether this is an exceptional case pursuant to 35 U.S.C. § 285 entitling the prevailing party to an award of their reasonable attorneys' fees.

### 4. Narrowing of Issues

In order to streamline the *Markman* process, the parties will meet and confer to limit the disputed claim terms that will be presented to the Court for construction. Google also may seek to narrow the issues by seeking leave to file an early motion for summary judgment of noninfringement. Frontier believes that early summary judgment motions would be neither useful nor efficient in this case.

### 5. Relief

#### a. Plaintiff's Request For Relief

Frontier seeks an award of damages adequate to compensate for Google's infringement of the '468 patent, in an amount not less than a reasonable royalty, together with prejudgment and post-judgment interest. Frontier also seeks a permanent injunction prohibiting Google from any further conduct that would directly or indirectly infringe the '468 patent. Frontier further seeks an award of its reasonable attorneys' fees in accordance with 35 U.S.C. § 285.

#### b. Defendant's Request For Relief

Google seeks a judgment in its favor denying Frontier all relief requested in this action and dismissing Frontier's Complaint with prejudice; a judgment declaring that Google has not infringed and is not infringing any valid and/or enforceable claim of the '468 Patent, and that Google has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '468 Patent; a judgment declaring that each claim of the '468 Patent is invalid; a judgment declaring that the '468 Patent is unenforceable; a judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Google its costs,

expenses, and reasonable attorneys' fees; and a judgment that the Court award Google such other and further relief as the Court deems just and proper.

### 6. Amendment of Pleadings

The parties propose January 15, 2014 as the deadline for amendment of pleadings.

### 7. Joinder of Parties

The parties are not aware of any additional parties that need to be joined in this action at this time.

### 8. Discovery

#### a. Scope of Discovery

The parties anticipate needing discovery about the following issues:

1. Whether Google has infringed any claim of the '468 patent and, if so, whether such infringement has been willful;

2. Whether any claim of the '468 patent is invalid under any of 35 U.S.C. §§ 101, 102, 103, and/or 112;

3. Whether the '468 patent is unenforceable, including, but not limited to, any inequitable conduct committed during the prosecution of the application that matured into the '468 patent;

4. The nature and extent of damages;

5. Whether Frontier's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel

6. Whether this is an exceptional case under 35 U.S.C. §§ 285, entitling the prevailing party to an award of their reasonable attorneys' fees.

The parties propose a case schedule as indicated in the attached Exhibit A. The scope of discovery shall be governed by the Federal Rules of Civil Procedure. Fact discovery

may commence on June 6, 2013, and no written discovery shall be served before that date. In anticipation of mediation between the parties and pursuant to FRE 408, no later than March 14, 2013, Frontier agrees to provide to Google (i) preliminary infringement contentions identifying the specific Google products accused of infringement. Thereafter, also pursuant to FRE 408, no later than April 4, 2013, Google agrees to provide to Frontier: (i) preliminary invalidity contentions, (ii) preliminary non-infringement contentions, and (iii) the number of Google Voice account holders, and a summary of revenue, profit and loss information for Google Voice for the period from the date of filing to the present. Frontier agrees that the Google disclosures in (iii) will be kept confidential on an outside counsel only basis.

      **b.**      **Discovery Limitations**

            **(i)**      **Initial Disclosures**

On June 6, 2013, the parties shall exchange the initial disclosures required under Fed. R. Civ. P 26(a)(1).

            **(ii)**      **Patent Disclosures**

                   **a.**      **Asserted patents**

On June 6, 2013, Frontier shall specifically identify the accused products and the asserted patents they allegedly infringe, and produce the file history for each asserted patent.

                   **b.**      **Technical documents**

Within 30 days after receipt of the above, Google shall produce to Frontier technical documents sufficient to show the operation of the accused product(s).

                   **c.**      **Initial infringement claim chart**

Within 30 days after receipt of the above, Frontier shall produce to Google an initial infringement claim chart specifically identifying where each element of each asserted claim is found within each accused product, including for each element that Frontier contends is

governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the accused product that performs the claimed function.

### d. Initial invalidity contentions

Within 30 days after receipt of the above, Google shall produce to Frontier its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

The parties agree that while discovery opens on June 6, 2013, the patent disclosure deadlines above shall control the time for providing the information required for each such patent disclosure.

### (iii) Electronically Stored Information ("ESI")

The parties agree to meet and confer on or before June 10, 2013 with respect to procedures for ESI and will submit a stipulation or proposed stipulations for governance of such procedures on or before July 1, 2013.

### (iv) Fact Depositions:

The parties agree that, unless otherwise agreed by the parties or ordered by the Court, each party shall be limited to taking a total of 10 fact depositions (including Rule 30(b)(6) and non-party depositions, but excluding expert depositions), each deposition to be limited to 7 hours of testimony by such party. If any deposition testimony taken by a party runs longer than 7 hours, it shall be considered an additional fact deposition for purposes of the 10 fact deposition allotment. If a fact deposition of an individual takes less than 7 hours, it will still be counted as one full fact deposition.

### (v) Rule 30(b)(6) Depositions:

The parties agree that, for any Rule 30(b)(6) deposition a party takes, such deposition shall be governed by the "fact deposition" limitations above (e.g., any deposition that

runs longer than 7 hours shall be considered an additional fact deposition for purposes of the 10 fact deposition allotment). Additionally, if a Rule 30(b)(6) notice spans such disparate topics that responding requires presenting more than one witness, each 7 hour block of time will nonetheless count as one fact deposition, regardless of the number of individual witnesses that testify during that 7 hour block of time. For example, if a party designates three deponents to testify in response to a Rule 30(b)(6) notice, and the other party serving the notice takes testimony from those three witnesses for a total of 7 hours, that shall count as one fact deposition.

**(vi)     Requests for Production:**

The parties agree that each side shall be limited to propounding a total of 100 requests for production of documents and/or things to an opposing side.

**(vii)     Requests for Admission:**

The parties agree that each side shall be limited to propounding a total of 50 requests for admission to an opposing side, except that there shall be no limit for requests for admission seeking to establish the authenticity of documents.

**(viii)     Expert Reports and Depositions:**

The parties agree that, for purposes of this provision relating to limitations on expert depositions, each expert may be deposed for one 7 hour day for each expert report, where a report is considered to mean a report or that portion of a report addressed to a single-issue (*e.g.*, infringement, noninfringement, validity, invalidity, etc.). For example, if an expert submits a report on infringement and a report on validity, that expert may be deposed for a maximum of 14 hours, with no deposition on any individual report lasting longer than 7 hours

**(ix)     Non-Discoverability of Expert Work Product:**

The parties agree that draft expert reports and/or draft expert declarations are not

discoverable. The parties further agree that an expert's (or the expert's staff's) confidential communications with a party's counsel are not discoverable unless such expert is relying on such communication for all or part of that expert's opinion.

### (x)   Service

The parties agree that documents filed using the Court's CM/ECF system need not otherwise be served except that any document filed under seal shall be served by email or hand on the same day as the filing and voluminous exhibits may be sent by overnight mail. For documents not filed with the Court, the parties agree to accept service by email. If service is only by email, Rule 6(d) of the Federal Rules of Civil Procedure applies to the computation of any applicable time period.

### (xi)   Post-Lawsuit Privileged Communications

The parties agree that privileged and work-product protected communications made or created on or after the commencement of this action (*i.e.*, on or after June 22, 2010) need not be identified on any privilege log or otherwise disclosed.

### 9.   Estimated Trial Length

The parties currently anticipate that five (5) to seven (7) days will be needed to try this action on the issues of infringement, invalidity, willfulness, and damages. The parties agree that the issue of inequitable conduct should be tried separately to the Court immediately after the jury trial and should take one (1) to (2) days.

### 10.   Jury Trial

Both parties have demanded a trial by jury on all issues so triable. The parties agree that the issue of inequitable conduct should be tried separately to the Court immediately after the jury trial.

### 11. Settlement

The parties have explored the possibility of settlement but were unsuccessful. The parties agree that this case should immediately be referred to a Magistrate Judge for the purpose of exploring the possibility of a settlement through mediation or any other ADR mechanism. The parties shall ask the assigned Magistrate Judge to schedule mediation no later than May 31, 2013.

### 12. Other Matters

The parties agree that a protective order will be necessary due to confidential business information that will need to be exchanged in this action. The parties expect to present a stipulated protective order to the Court for its consideration by June 20, 2013.

### 13. Confirmation of Conference

Counsel for the parties have conferred about each of the above matters.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for Frontier*
  *Communications Corporation*

RICHARDS, LAYTON & FINGER PA

*/s/ Frederick L. Cottrell, III*
Fredrick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com
  *Attorneys for Google Inc.*

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| David M. Maiorana<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH  44114.1190 | Douglas D. Salyers<br>Paul E. McGowan<br>TROUTMAN SANDERS LLP<br>600 Peachtree Street, N.E.<br>Suite 5200<br>Atlanta, GA 30308-2216<br>(404) 885-3000 |
| Olivia E. Marbutt<br>JONES DAY<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, GA  30309-3053<br>(404) 521-3939 | |

February 1, 2013
6981456

**PROPOSED CASE SCHEDULE**

*Frontier Communications Corporation v. Google Inc*.; C.A. No. 10-545 (GMS)

| Description | Date |
| --- | --- |
| Frontier provides FRE 408 information requested for mediation | March 14, 2013 |
| Google provides FRE 408 information requested for mediation | April 4, 2013 |
| Parties seek Mediation | No later than May 31, 2013 |
| Rule 26(a) Initial Disclosures | June 6, 2013 |
| Google's responses to Frontier's discovery requests served on April 1, 2010, excluding any document production governed by the default standard deadlines set forth below | June 20, 2013 |
| Frontier identifies accused products and the asserted patents they allegedly infringe, and produces the file history for each asserted patent | June 6, 2013 |
| Google's production of technical documents | July 8, 2013 |
| Frontier provides initial infringement claim chart | August 7, 2013 |
| Google provides its initial invalidity contentions for each asserted claim, and produces related invalidating references (e.g., publications, manuals and patents) | September 6, 2013 |
| Joinder of Parties and Amendment of Pleadings | January 15, 2014 |
| Reliance Upon Advice of Counsel | one month after claim construction ruling |
| Exchange of terms to be proposed | October 31, 2013 |
| Exchange of constructions | November 20, 2013 |
| Meet and confer regarding claim construction | December 2, 2013 |
| Submission of Final Joint Claim Chart | December 9, 2013 |
| Claim Construction Briefing | Opening: December 19, 2013<br>Answering: January 21, 2014 (Joint Appendix Filed) |

- 2-

| Description | Date |
|---|---|
| *Markman* Claim Construction Hearing | Week of February 24, 2014 |
| Close of Fact Discovery | April 7, 2014 |
| Close of Expert Discovery | June 15, 2014 |
| Expert Reports | Opening:  April 29, 2014<br>Rebuttal:  May 20, 2014 |
| Letter Briefs requesting permission to file Summary Judgment Motions | Opening:  August 14, 2014<br>Answering:  August 28, 2014<br>Reply:  September 11, 2014 |
| Case Dispositive Motions | opening briefs (if permitted) according to local rule schedule |
| Pretrial Order | 4 weeks before pretrial conference |
| Pretrial Conference | 4 weeks before the start of trial |
| Trial- 5 Day Jury Trial | April or May 2015 |